## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

VINCENT DOUGLAS, Baltimore Hold Room
ICE Enforcement and Removal Operations 31
Hopkins Plaza, Floor 6
Baltimore, MD 21201

*Petitioner*,

v.

NIKITA BAKER, *in her official capacity as Field Office Director for Detention & Removal,* U.S. Immigration and Customs Enforcement 31 Hopkins Plaza 6th Floor Baltimore, MD, 21201; JOSE GUERRERO, *in his official capacity as Acting Assistant Director of the Baltimore Field Office, Enforcement and Removal Operations,* U.S. Immigration and Customs Enforcement 31 Hopkins Plaza 6th Floor Baltimore, MD, 21201; MARCOS CHARLES, *in his official capacity as Acting Executive Associate Director of Enforcement and Removal Operations,* U.S. Immigration and Customs Enforcement 500 12th St., S.W. Washington, DC 20536; TODD LYONS, *in his official capacity as Director,* U.S. Immigration and Customs Enforcement, 500 12th St., S.W. Washington, DC 20536; KRISTI NOEM, *in her official capacity as Secretary,* U.S. Department of Homeland Security, Washington, DC 20528; and PAM BONDI, *in her official capacity as Attorney General of the United States*, Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530,

*Respondents*.

**PETITION FOR A WRIT OF HABEAS CORPUS**

Civil Action No. _____

## PETITION FOR A WRIT OF HABEAS CORPUS

### INTRODUCTION

1. Petitioner Vincent Douglas, who has lived in the United States for three decades, was re-detained in ICE custody despite having been previously released under an Order of Supervision on February 19, 2016. Mr. Douglas was released under the Order of Supervision after winning his immigration case on February 11, 2016, based on findings by an Immigration Judge (IJ) that he would likely be tortured if deported to his country of origin, Jamaica. (See Exhibit 1). The statutorily prescribed time period in which ICE could have theoretically removed Mr. Douglas to a country other than Jamaica expired nearly a decade ago, on June 12, 2016, yet on July 9, 2025, he was arbitrarily re-detained with no end in sight.

2. Mr. Douglas is detained pursuant to 8 U.S.C. § 1231, which governs the detention of non-citizens with a final order of removal that has been withheld or deferred by an IJ due to a substantial risk of persecution or torture in their country of origin. 8 U.S.C. § 1231(a)(1)(B)(i). Mr. Douglas's removal order and accompanying relief grant became final upon the expiry of the appeal period on March 14, 2016. 8 C.F.R. § 1241.1.

3. Mr. Douglas's continued detention violates 8 U.S.C. § 1231(a), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not reasonably foreseeable. He cannot be deported to his country of origin—Jamaica—because he has been granted relief under the Convention Against Torture ("CAT relief"). 8 C.F.R. § 1208.17. Indeed, ICE officers from the Baltimore Office of Enforcement and Removal Operations conceded to Mr. Douglas's counsel that ICE has not identified an alternative country to which it will attempt to remove him. Even if it eventually identifies such a

2

country, Mr. Douglas is entitled to notice and the opportunity to seek fear-based protection with respect to that country. However, it is clear that ICE had not identified a country to which it intended to remove Mr. Douglas at the time it re-detained him, rendering his re-detention unreasonable and arbitrary since his removal is not reasonably foreseeable. *Zadvydas*, 533 U.S. at 699.

4. Furthermore, ICE's re-detention of Mr. Douglas without the opportunity to seek relief from the alternative countries to which it may eventually attempt to remove him violates his due process rights.

5. Petitioner, Vincent Douglas, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents, and to enjoin Petitioner's continued unlawful detention by the Respondent.  In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

## CUSTODY

6. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE").  Petitioner is detained at the "Baltimore Hold Room" in Baltimore, Maryland.  (See Exhibit 3).  Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

7. This action arises under the Constitution of the United States, 28 U.S.C. § 2241(c)(1), and the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 et seq.  This Court has subject matter jurisdiction under 28 U.S.C. § 2241; Art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation

of the Constitution, laws, or treaties of the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that §2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001) ("At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of executive detention, and it is in that context that its protections have been strongest.");  *Clark v. Martinez*, 543 U.S. 371 (2005) (holding that *Zadvydas* applies to aliens found inadmissible as well as removable).

## VENUE

8.  Venue lies in the District of Maryland, because Petitioner is currently detained in the territorial jurisdiction of this Court, at the "Baltimore Hold Room."  28 U.S.C. 1391(b)(2); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (interpreting 28 U.S.C. § 2241 to confirm the "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

## PARTIES

9.  Petitioner is a native and citizen of Jamaica who was granted CAT relief on February 11, 2016. His release was effectuated by ICE on February 19, 2016 under an Order of Supervision. On July 9, 2025, he was again detained by ICE officials at the Baltimore Field Office and has remained held in the Baltimore Hold Room ever since.

10. Respondent Nikita Baker is the Field Office Director ("FOD") for ICE's ERO Baltimore Field Office, which has jurisdiction over the Baltimore Hold Room. She is responsible for enforcement and removal operations in Maryland. As far as counsel is aware, Petitioner is currently in the custody of the Baltimore Field Office, at the Baltimore Hold Room. *See Ozturk v. Trump*, No. 2:25-cv-374, 2025 WL 1145250, at *8 (D. Vt. Apr. 18, 2025) (finding

4

that Field Office Director was plausibly petitioner's immediate custodian because petitioner "was not at a prison or jail when the Petition was filed – she was in a vehicle begin transported to an ICE Field Office."). Ms. Baker is the immediate legal custodian of Petitioner. She is sued in her official capacity.

11. Respondent Jose Guerrero is the Assistant Field Office Director for ICE's ERO Baltimore Field Office, which has jurisdiction over the Baltimore Hold Rooms and is responsible for enforcement and removal operations in Maryland. He is sued in his official capacity.

12. Respondent Marcos Charles is the Acting Executive Associate Director of ICE Enforcement and Removal Operations. He is the head of the ICE office that carries out arrests of noncitizens and removals from the United States. He is sued in his official capacity.

13. Kristi Noem is the Secretary of the U.S. Department of Homeland Security (DHS). DHS oversees ICE, which is responsible for administering and enforcing the immigration laws. Secretary Noem is the ultimate legal custodian of Petitioner. She is sued in her official capacity.

14. Pam Bondi is the Attorney General of the United States and is responsible for administering the Executive Office for Immigration Review (EOIR) within the Department of Justice. She is sued in her official capacity.

## STATEMENT OF THE FACTS

15. The Petitioner is a native and citizen of Jamaica. He last entered the United States on or about March 30, 1995, pursuant to a grant of parole to work for Homeland Security Investigations. He has remained here ever since.

16. The Petitioner's application for withholding of removal under the Convention Against Torture was granted by the immigration judge on February 11, 2016. 8 C.F.R. § 1208.16(c)(4).

17. On February 19, 2016, the Department of Homeland Security ("DHS") released the Petitioner from custody subject to an Order of Supervision. (See Exhibit 2). A condition of his release was that he report in person on April 18, 2016 to the ICE Enforcement and Removal Operations ("ERO") office in Baltimore, Maryland.

18. The Petitioner appeared before ERO on April 18, 2016, and subsequently complied with all reporting requirements, reporting a total of nine times.

19. On March 5, 2025, Petitioner was placed on ISAP monitoring and received an ankle shackle at his scheduled check-in appointment. He then received a letter ordering him to report to the Baltimore ERO Office on July 9, 2025. When he appeared at the ERO office in Baltimore, in compliance with the letter, he was immediately apprehended by the Respondents and their agents.

20. The Petitioner immediately placed the Respondents on written notice of his request for a reasonable fear interview in regard to any third country to which Respondents may designate his removal.

21. As of the date of filing, the Petitioner remains in custody of Respondents at the Baltimore Hold Room in the Baltimore Field Office. As of the date of filing, Respondents have yet to take any action in the Petitioner's removal proceedings.  Nor have Respondents proffered any potential third country of removal for the Petitioner.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATION OF IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. § 1231(a), AND OTHER REQUIRED PROCEDURES FOR THE REVOCATION OF RELEASE OF A NONCITIZEN**

22. Petitioner realleges and incorporates by reference the paragraphs above.

23. 8 U.S.C. § 1231(a), as interpreted by the Supreme Court in *Zadvydas*, authorizes detention only for "a period reasonably necessary to bring about the [noncitizen's] removal from the United States." 533 U.S. at 689. The removal period, as defined by 8 U.S.C § 1231(a) expired, by all statutory definitions and otherwise, in June 2016. His re-detention after being released to an Order of Supervision on February 19, 2016, is entirely outside the scope of any provision under 8 U.S.C. § 1231(a).

24. Petitioner cannot be deported to Jamaica, the only country of which he is a citizen, because he has a final grant of protection from removal there. ICE has affirmatively informed Petitioner's counsel that it has not identified a country to which it intends to attempt to deport Petitioner, and that the United States does not have any agreements with other nations to receive Jamaican citizens. Because of this information, and the fact that ICE has not provided Petitioner a Notice of Removal to any alternative country, it is evident that ICE will not be able to remove Petitioner in the reasonably foreseeable future.

25. Moreover, if ICE were to identify a country to which it intends to deport Petitioner, he will seek fear-based relief from removal to that country, further prolonging his proceedings and detention.

26. Therefore, Petitioner will not be removed from the United States in the "reasonably foreseeable future," and his re-detention violates 8 U.S.C. § 1231(a). *Zadvydas*, 533 U.S. at 701.

27. Furthermore, ICE did not comply with the procedural requirements outlined in the regulations that govern the revocation of release of a noncitizen previously released under an order of supervision. 8 CFR § 241.4(l)(2). The regulations only permit the Executive Associate Commissioner, or, in limited prescribed circumstances, the District Director, to revoke the release of a noncitizen. ICE did not comply with this requirement in its revocation of Petitioner's release.

28. Additionally, under the regulations, Petitioner is entitled to notification of the reason for the revocation of release and to an "informal interview promptly after his [] return to [ICE] custody to . . . respond to the reasons for revocation." 8 C.F.R. § 241.4(l)(1); 8 C.F.R. § 241.13(h)(4)(i)(3). Despite being Petitioner's attorney of record, Petitioner's counsel has not received any notification of the reason for the revocation of his release. And to counsel's knowledge, Petitioner has not yet been afforded an interview and the opportunity to dispute the basis for his re-detention. Given ICE's failure to comply with its own regulations and procedural requirements, its actions should be presumed unlawful under the Accardi Doctrine. Therefore, ICE's re-detention of Petitioner violated U.S. law.

## COUNT II

## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

29. Petitioner realleges and incorporates by reference the paragraphs above.

30. The Due Process Clause of the Fifth Amendment forbids the Government from depriving any person of liberty without due process of law. U.S. Const. Amend. V. To comply with the Due Process Clause, civil detention must "bear[] a reasonable relation to the purpose for which the individual was committed," which for immigration detention is removal from the United States. *Demore v. Kim*, 538 U.S. 510, 527 (2003) (citing *Zadvydas*, 533 U.S. at

690). Furthermore, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted).

31. Petitioner's re-detention following his release pursuant to an Order of Supervision more than nine years prior is entirely arbitrary given the lack of any showing of changed circumstances, alleged or otherwise, by the Respondents, and given the Petitioner's strict compliance with all terms of the Order of Supervision since it was issued on February 19, 2016. Re-detention of the Petitioner pending as-yet uninitiated third country removal efforts, without indication that ICE is actually attempting to remove him anywhere reasonably foreseeable—and indeed with the concession that ICE has not identified any countries to which it intends to attempt to deport him—violates his due process rights.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Declare that Respondents' actions or omissions violate the Immigration and Nationality Act and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

c. Order Petitioner's immediate release from custody;

d. Grant any other further relief this Court deems just and proper.

Dated: July 11, 2025                    Respectfully submitted,

/s/ Adam Crandell
Adam Crandell, Bar No. 29463
adam@myMDlegal.com
Eldridge Crandell, L.L.C.
217 N. Charles Street, 3rd Floor
Baltimore, MD 21201
(443) 559-4384
*Counsel for Petitioner*

## PETITIONER'S TABLE OF EXHIBITS

| **Exhibit** | **Description** | **Pages** |
|---|---|---|
| **1** | Immigration Judge Order granting CAT withholding of removal, dated February 11, 2016 | 11 |
| **2** | Order of Supervision, dated February 19, 2016 | 13 |
| **3** | Screenshot of ICE Detainee Locator, showing Petitioner's location in the Baltimore Hold Room | 20 |

# Exhibit 1

IMMIGRATION COURT
31 HOPKINS PLAZA, ROOM 440
BALTIMORE, MD  21201

In the Matter of

DOUGLAS, VINCENT
    Respondent

Case No.: A027-959-232

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on ___2.11 2011___.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]   The respondent was ordered removed from the United States to
     JAMAICA or in the alternative to .

[ ]   Respondent's application for voluntary departure was denied and
     respondent was ordered removed to JAMAICA or in the
     alternative to .

[ ]   Respondent's application for voluntary departure was granted until
     upon posting a bond in the amount of $ _____
     with an alternate order of removal to JAMAICA.

Respondent's application for:
[ ]   Asylum was ( )granted  ( )denied( )withdrawn.
[ ]   Withholding of removal was ( )granted ( )denied ( )withdrawn.
[ ]   A Waiver under Section _____ was ( )granted ( )denied ( )withdrawn.
[ ]   Cancellation of removal under section 240A(a) was ( )granted ( )denied
     ( )withdrawn.

Respondent's application for:
[ ]   Cancellation under section 240A(b)(1) was ( ) granted ( ) denied
     ( )withdrawn.  If granted, it is ordered that the respondent be issued
     all appropriate documents necessary to give effect to this order.
[ ]   Cancellation under section 240A(b) (2) was ( )granted ( )denied
     ( )withdrawn.  If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]   Adjustment of Status under Section _____ was ( )granted ( )denied
     ( )withdrawn.  If granted it is ordered that the respondent be issued
       all appropriated documents necessary to give effect to this order.
[X]   Respondent's application of ( ) withholding of removal ( X ) deferral of
     removal under Article III of the Convention Against Torture was
     ( X ) granted  ( ) denied ( ) withdrawn.
[ ]   Respondent's status was rescinded under section 246.
[ ]   Respondent is admitted to the United States as a _____ until _____.
[ ]   As a condition of admission, respondent is to post a $ _____ bond.
[ ]   Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]   Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]   Proceedings were terminated.
[ ]   Other: _____.
     Date: _2.11 2016_____

ELIZABETH A. KESSLER
Immigration Judge

Appeal: Waived/Reserved    Appeal Due By:

# Exhibit 2

ALIEN

XX Witholding X

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION

Event Number: BAL1503000045

File No.: 027 959 232

Date: February 19, 2016

Name: DOUGLAS, VINCENT

On  February 11, 2016 , you were ordered:
(Date of Final Order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal.

☒ That upon request of the agency, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations and activities and such other information as the agency considers appropriate.

☒ That you do not travel outside Maryland                    for more than 48 hours without first having notified this
(Specify geographic limits, if any)
agency office of the dates and places, and obtaining approval from this agency office of such proposed travel.

☒ That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change.

☒ That you report in person on   04/18/2016 00:00   to this agency office at:
(Day/Date/Time)

See I-831
(Reporting Address)

☒ That you assist U.S. Immigration and Customs Enforcement in obtaining any necessary travel documents.

☐ Other:

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____        OREM JR, C, 0229
(Signature of ICE Official)                (Print Name and Title of ICE Official)

---

### Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the      English      language) the contents of this order, a copy of which has been given to me.  I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____     X Vincent Douglas          02/19/2016
(Signature of ICE Official Serving Order)       (Signature of Alien)              Date

ICE Form I-220B (10/15)                                        Page 1 of 4

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Continuation Page)

| Alien Name | Picture | Right Index Print |
|---|---|---|
| DOUGLAS, VINCENT | | |

| File Number |
|---|
| 027 959 232 |

| Date |
|---|
| February 19, 2016 |

| Alien's Signature |
|---|
| X V.Douglas |

Alien's Telephone Number (if applicable)
( 410 ) 831 - 0495

Alien's Address
37½ RHOM ROAD GWYNN OAK
MARYLAND, 21207

3509 Fox Cliff Court
Randallstown, MD  21133

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| FEB 19, 2016 | DAG | ON April 18, 2016 @ 10⁰⁰ am Report to: 81 HOPKINS PLAZA 6TH FLOOR Baltimore, MD 21201 |
| 4/18/2016 | CW | Reported Next report date is 10/24/2016 @ 10. |
| 10/24/2016 | Smith | NRD 10/23/2017 @ 10:00 Am |
| 10/23/2017 | CW | Reported, NRD is 10/22/2018 @ 10:00 am |
| 10/22/2018 | TG | NRD 10/23/2019 at 9:00 am |
| 6/22/2019 | JS | NRD 10/20/2020 at 9 am |
| 10/20/2020 | JS | NRD 10/20/2021 @ 0900am |
| 10/20/21 | SES | Report October 31, 2022 @ 8:00 |
| 10/31/2022 | HJO | report 10/31/2023 11 AM |
| 3/5/24 | IDV | NRD 3/5/25 @ 0730 |

| Signature | Title |
|---|---|
| GRAHAM, D, 7586 | Deportation Officer |

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Addendum)

File No.: 027 959 232

Date: February 19, 2016

Name: DOUGLAS, VINCENT

[x] That you do not associate with know gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[x] That you do not commit any crimes while on this Order of Supervision.

[x] That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[x] That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

[x] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[x] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[x] Any violation of the above conditions will result in revocation of your employment authorization document.

[x] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[ ] Other:

X _____
Alien's Signature

ICE Form I-220B (10/15)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Outprocessing Checklist)

**All Aliens**

☐ Probation/Parole Officer Notified

☐ Obtain address where living and telephone number

☐ Enter into IDENT

☐ NCIC Check

☐ Travel Document Application

**Sex Offenders**

☐ Probation/Parole Officer Notified

☐ Registered as sex-offender as required by state statute within 7 days

☐ Victim/Witness Coordinator Notified

☐ Victim/Witness Notified

☐ Written Proof of Counseling

**Substance Abusers**

☐ Probation/Parole Officer Notified

☐ Written Proof of Counseling

| Completed By | |
|---|---|
| ICE Official      GRAHAM, D, 7586 | Date  02/19/2016 |

| Concurrence By | |
|---|---|
| Supervisory ICE Official      OREM JR, C, 0229 | Date  02/19/2016 |

ICE Form I-220B (10/15)

Page 4 of 4

U.S. Department of Homeland Security                    Continuation Page for Form ___I-220B___

| Alien's Name | File Number | Date |
|---|---|---|
| DOUGLAS, VINCENT | 027 959 232<br>Event No: BAL1503000045 | 02/19/2016 |

```
ADDITIONAL CONDITIONS
---------------------
(1)
Report to: Immigration and Customs Enforcement
(2)
31 Hopkins Plaza, 6th Floor Baltimore, MD 21201
(3)
Phone: 410-637-4000
(4)
Baltimore.Outreach@ice.dhs.gov
(5)
On April 18th 2016 at 1000 am


LOCATION OF ICE OFFICE WHICH YOU REPORT TO
------------------------------------------
Immigration & Customs Enforcemnt
31 Hopkins Plaza, 6th Floor
Baltimore, MD 21201
```

| Signature | Title |
|---|---|
| 7586 GRAHAM  D | Deportation Officer |

___5___ of ___5___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## WARNING FOR FAILURE TO COMPLY WITH TERMS OF SUPERVISED RELEASE

| Name | Field Office | File # |
|---|---|---|
| DOUGLAS, VINCENT | | 027 959 232 |

Section 243(b) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 241(a)(3)* or knowingly give false information in response to an inquiry under such section shall be fined not more than $1000 or imprisoned for not more than one year, or both.

*Section 241(a)(3) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien—

(A) to appear before an immigration officer periodically for identification;
(B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
(C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
(D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

| Date Order Final | Ordered Removed under Section |
|---|---|
| | 212a7AiI, 212a2AiI, 212a2AiII |

### Record of Service
(Check method used)

☐ **Record of Personal Service**

| Served By (Print Name and Title of Officer) | | Date |
|---|---|---|
| DAVID GRAHAM | | FEB 19, 2016 |

| Officer's Signature | Location of Service |
|---|---|
| | WORCESTER CO JAIL |

| Served On: (Alien's Signature) | | Date |
|---|---|---|
| X V Douglas | | FEB 19, 2016 |

☐ **Certified Mail Service** | Fingerprint of Alien (Specify finger used)

**Attach certified mail receipts here.**

R₇

ICE Form I-229B (4/09)                                                                 Page 1 of 1

# Exhibit 3



# Search Results: 1

**VINCENT DOUGLAS**
**Country of Birth :** Jamaica
**A-Number:** 027959232
**Status :** In ICE Custody
**Current Detention Facility** BALTIMORE HOLD ROOM
* Click on the Detention Facility name to obtain facility contact information

BACK TO SEARCH >

## Related Information

### Helpful Info
Status of a Case
About the Detainee Locator
Brochure
ICE ERO Field Offices
ICE Detention Facilities
Privacy Notice

### External Links
Bureau of Prisons Inmate Locator

Home    Who We Are    What We Do    Newsroom    Information Library    Contact ICE

Report Crimes: Email or Call 1-866-DHS-2-ICE

U.S. Immigration and Customs Enforcement

Official Website of the Department of Homeland Security

DHS.gov    USA.gov    OIG    Open Gov    FOIA    Metrics    No Fear Act    Site Map    Site Policies & Plug-Ins